**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**LEONARD E. SMITH,**

Petitioner,

v.                                   **CIVIL ACTION NO. 5:22-CV-247**
Judge Bailey

**WARDEN BAYLESS,**

Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 11, 2022, the *pro se* petitioner, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  Petitioner is a federal inmate who is housed at FCI Morgantown in Morgantown, West Virginia, and is seeking immediate release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II. BACKGROUND[1]

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  *See **United States v. Smith***, 1:17-CR-166-RJA-HKS-1 (W.D. N.Y. 2017. ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

On September 5, 2017, petitioner was named in an indictment charging him with, inter alia, conspiracy to commit wire fraud in the Western District of New York. Petitioner pled guilty and, on December 14, 2020, was sentenced to 30 months imprisonment. The petitioner's current projected release date, via good conduct time, is October 24, 2023.

### III.    LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held "to less stringent standards than formal pleadings drafted by lawyers." ***Haines v. Kerner***, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

**IV. ANALYSIS**

Petitioner's sole ground for relief is based on the CARES Act—petitioner states that he submitted a request for consideration for release to home confinement under the CARES Act to the administration at FCI Morgantown but was denied.  Petitioner contends the request should have been granted, citing factors including his pattern score, lack of history of violence, minimum recidivism and security risk, and health concerns.  Petitioner asks this Court to uphold the objective of the CARES Act by granting his immediate release to home confinement.

The undersigned finds that this Court does not have the power to order home confinement under the CARES Act.  As this Court has summarized,

> Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

*Lewis v. SFF Hazleton*, No. 5:20-CV-250, 2020 WL 7249037, at *2 (N.D. W.Va. Dec. 9, 2020) (Bailey, J.).

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(I) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons," what is often referred to as "compassionate release."  Although petitioner does not explicitly raise compassionate release, to the extent he seeks this remedy, it is clear he unable to proceed under this mechanism in a § 2241 in this district.  As this Court has summarized,

> courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court. *See, e.g., Robinson v. Wilson*, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017)

(Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); ***Deffenbaugh v. Sullivan***, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (Flanagan, J.) ("If petitioner now seeks to file his own motion for § 3582 compassionate release, such a motion must be filed in the sentencing court."); ***Allah v. Fed. Bureau of Prisons Dir.***, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); Himmel v. Upton, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); ***Braswell v. Gallegos***, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

*Lewis*, at *2. Accordingly, insofar as petitioner seeks compassionate release, this Court is without jurisdiction to consider his request.[2]

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

---

[2] A review of petitioner's criminal docket establishes that on October 18, 2022, petitioner was denied compassionate release, and on November 2, 2022, a motion for reconsideration was denied.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  November 10, 2022.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE